### Dunham vs. Winans and Dunham.

Where one of two defendants was examined as a witness for the complainant, subject to all just exceptions, and his testimony upon the hearing was rejected upon the ground of interest, and a final decree has been made in the cause a rehearing will not be granted to enable the complainant to release the interest of the witness and to re-examine him.

After a decree in the cause, it requires a very special case to justify the court in opening the proofs, even to establish a new fact which a party has neglected through inadvertence to prove.

A new trial or re-hearing is never granted to enable a party to obtain cumulative testimony, or for the purpose of contradicting witnesses examined by the adverse party.

January 7th.

THIS cause was heard on pleadings and proofs as against the defendant Winans, and a final decree in his favor was made therein in May, 1829. D. R. Dunham, one of the de-

fendants, had been examined as a witness for the complainant, against his co-defendant, subject to all just exceptions. His testimony was objected to at the hearing upon the ground of interest, and was finally rejected by the Chancellor upon that ground.

1830.

Dunham
v.
Winans.

*R. Sedgwick*, in behalf of the complainant, now presented a petition for a re-hearing for the purpose of enabling her to release the defendant D. R. Dunham, and to re-examine him as a witness.

*S. A. Foot*, for the defendant Winans.

THE CHANCELLOR. This application is novel in its character and dangerous in principle. The objection to the witness on the ground of interest was distinctly raised and argued by counsel at the hearing, and the decree was not made until nearly two months afterwards. Five months after the final decree, the complainant for the first time offers to release the witness, and asks to set aside the decree and open the proofs in the cause, so that he may be re-examined. The object of this testimony is to support that of another witness for the complainant, and to contradict the positive answer of the defendant Winans and the evidence of a witness examined on his part. After a decree in the cause, it must be a very special case which will justify the court in opening the proofs, even to establish a new fact which a party has neglected to prove through inadvertance; but a new trial or a re-hearing is never granted to enable a party to obtain cumulative testimony, or to contradict the witnesses examined by the adverse party. The conclusion at which I arrived upon the hearing was that even with the testimony of this witness the result of the case would not be altered. It is not necessary now to examine as to the correctness of that conclusion, as the incompetency of the witness is admitted by the counsel who asks for a re-hearing; and I am satisfied that it would be dangerous to open the proofs after a final decree in such a case.

The petition for a re-hearing must therefore be dismissed with costs.